UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**TIMOTHY AUGUSTUS WARD**                                                       **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 3:16-CV-393-GNS**

**KENTUCKY STATE POLICE *et al.***                                            **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court upon an application by Plaintiff for a writ of mandamus pursuant to 28 U.S.C. § 1651(a) (DN 12). In this application, Plaintiff again asks the Court to prohibit Defendants from pursuing state criminal charges against him and to direct Defendants to dismiss the pending state criminal charges against him.

A summary of Plaintiff's allegations and arguments in this 42 U.S.C. § 1983 action are set forth in the Court's Memorandum and Order entered on August 18, 2016 (DN 11). In essence, Plaintiff claims that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights based upon the use of excessive force during his arrest, his wrongful and retaliatory arrest, the filing of false criminal charges against him, and malicious prosecution. In its previous Memorandum and Order, the Court considered Plaintiff's arguments and concluded that the *Younger* abstention doctrine required the Court to deny Plaintiff's two previous motions – an "Emergency Motion to Stay State Court Proceedings" (DN 9) and an "Emergency Motion for a Temporary Restraining Order" (DN 10). For the reasons set forth in that Memorandum and Order (DN 11), the Court likewise finds that the *Younger* abstention doctrine bars Plaintiff's application for a writ of mandamus that is now before the Court.

In addition, the Court finds that Plaintiff's application for a writ of mandamus must be denied because the Court does not have jurisdiction to consider it. Under 28 U.S.C. § 1651(a),

federal courts have original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "*compel an officer or employee of the United States or any agency thereof* to perform a duty . . . " 28 U.S.C. § 1361 (emphasis added). In his application, Plaintiff does not ask this Court to compel an action by any officer or employee of the United States or an agency thereof. Instead, Plaintiff asks this court to compel a state court and/or state employees to act, or refrain from acting, on the pending criminal charges against him. This Court has no jurisdiction to do so under 28 U.S.C. § 1361. *See, e.g.*, *Hohmann v. Pennsylvania*, No. 1:16-CV-23, 2016 U.S. Dist. LEXIS 4448 (M.D. Pa. Jan. 14, 2016) (dismissing 28 U.S.C. § 1361 mandamus petition requesting relief in state court criminal proceedings for lack of jurisdiction); *Caldwell v. United States*, No. 6:14-225-DLB, 2015 U.S. Dist. LEXIS 157729, at *9 (E.D. Ky. Nov. 23, 2015) (dismissing 28 U.S.C. § 1361 petition because "no officer or employee of the United States" was involved in state court criminal proceeding and therefore statute provided no basis for plaintiff's claims); *Bejarano v. Kansas*, No. 14-3035-SAC, 2014 U.S. Dist. LEXIS 45870 (D.C. Kan. Apr. 3, 2014) (dismissing petition for a writ of mandamus under 28 U.S.C. § 1651 challenging a state court criminal proceeding for lack of jurisdiction because the Court's mandamus power under the act does not extend to state court officials).

      For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's application for a writ of mandamus pursuant to 28 U.S.C. § 1361 (DN 12) is **DENIED**.

Date: September 16, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.011