UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD                                              Plaintiff

v.                                                    Civil Action No. 3:16-cv-393-RGJ

KENTUCKY STATE POLICE, *et al.*                                    Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy Augustus Ward initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. Because some of Plaintiff's claims were related to an ongoing state-court criminal proceeding, in which Plaintiff had been charged with disorderly conduct, menacing, and resisting arrest, the Court entered an Order staying the action pending the resolution of the state-court case. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). Plaintiff has now filed a letter in which he indicates that his "criminal case is over." Thus, **IT IS HEREBY ORDERED that the STAY in this action is LIFTED.** The Court will now screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff names the following as Defendants in this action – the Kentucky State Police (KSP); KSP Commissioner Richard W. Sanders; KSP Trooper Ken Borders, in both his official and individual capacities; the City of Elizabethtown; John Does 1-15; Jane Does 1-15; Hardin County Detention Center (HCDC); HCDC Jailer Danny Allen; and Hardin County Ambulance

Services. Plaintiff does not indicate in what capacity he sues any Defendant other than Defendant Borders.

Plaintiff alleges that on May 29, 2016, Defendant Borders pulled Plaintiff over for not allowing him to pass when he had his squad car lights on. Plaintiff informed Defendant Borders that this was an abuse of authority because he was not in route to an emergency and he could have used the passing lane to pass Plaintiff. Plaintiff states that Defendant Borders then wrote him a citation for not having insurance on the vehicle he was driving.

Plaintiff alleges that, after the incident, he contacted the KSP to log a complaint against Defendant Borders. Defendant Borders' supervisor allegedly told Plaintiff to meet him at the KSP post in Hardin County. When Plaintiff arrived, Defendant Borders and non-Defendant KSP Trooper Brown came out to speak to Plaintiff. Plaintiff alleges that he told them he wanted to speak to their supervisor, but they refused. Plaintiff states that he and the troopers then began to argue. Plaintiff specifically states that as he began to leave, Trooper Brown continued to yell at him and said "I'll see you in 'f-cking court' to which Plaintiff replied "you f-cking p-ssy." Plaintiff alleges that Defendant Borders then informed Plaintiff that he was under arrest and told Plaintiff to put his hands behind his back. Plaintiff asserts that Defendant Borders then began tasing him. Plaintiff alleges that he told Defendant Borders that he had congestive heart failure and that he could not put his hands up while tased, but that Defendant Borders continued tasing him. Plaintiff states that Defendant Borders then put handcuffs on him, grabbed him by his hair, and sprayed "OC spray" in his eyes. Plaintiff states that Defendant Borders told Plaintiff he was arresting him for saying "you f-cking p-ssy."

Plaintiff next alleges that the KSP called Hardin County Ambulance Services to the scene. He states that the two emergency medical technicians (EMT's) who arrived took his vitals and told

him that he had high blood pressure and high blood sugar.[1]  According to Plaintiff, they told the KSP officers that he needed to go to the hospital.  Plaintiff further alleges, however, that after the EMT's spoke with the KSP officers, the EMT's refused to transport Plaintiff to the hospital.  Instead, Defendant Borders and Trooper Brown transported Plaintiff to HCDC, where they informed the nurse on duty that Plaintiff had elevated blood pressure and blood sugar.  Plaintiff states that he was booked into HCDC at around 1:00 a.m. on May 30, 2016, and released around 11:00 a.m. on the same day.  He states that the HCDC nurse checked his blood pressure and blood sugar twice during that time and that although his readings remained high,[2] the nurse refused his requests to be transported to the emergency room.  Plaintiff states that this refusal put him at risk of having a stroke or heart attack.

Finally, Plaintiff states that after he was released from HCDC, he went to the hospital where he was treated for several cuts on his hand and his arm and given pain medication.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e)(2).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] Plaintiff alleges that the EMT's stated that his blood pressure was 220/100 and that his blood sugar was over 200.
[2] Plaintiff alleges that the nurse checked his levels when he arrived at HCDC and then again a few hours later.  He states that his blood pressure was 220/100 both times she checked and that his blood sugar level was first recorded at 233 and then at 307.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Defendant KSP and the Official-Capacity Claim against Defendant Borders**

Defendant KSP is a department within the executive branch of the Commonwealth, is tasked with statewide law enforcement, and is funded by the Kentucky General Assembly. Ky. Rev. Stat. §§ 15A.020, 16.060, 16.050(1). As such, the Eleventh Amendment[3] acts as a bar to all claims for relief against the KSP. A state and its agencies, such as the KSP, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Plaintiff's official-capacity claim against Defendant Borders also fails. First, state officials and employees sued in their official capacity for damages are absolutely immune from § 1983 liability under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendant Borders is not a "person" subject to suit within the meaning of § 1983 when sued in his official capacity for monetary damages. *Will v. Mich. Dep't of State*

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

*Police*, 491 U.S. at 71 (concluding that neither a state nor its officials acting in their official capacities are "persons" under § 1983); *Burrell v. Sumner*, No. 97-3705, 1998 U.S. App. LEXIS 28052, at *3 (6th Cir. Oct. 29, 1998) (holding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983).

Thus, Plaintiff's claim against Defendant KSP and his official-capacity claim against Defendant Borders will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### B. Defendants HCDC and City of Elizabethtown

The Court next turns to Plaintiff's claims against the HCDC and the City of Elizabethtown.

The Court first observes that Defendant HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.,* No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Hardin County that is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Hardin County is a "person" for purposes of § 1983. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against Defendant HCDC as brought against Hardin County.

When a § 1983 claim is made against a municipality, such as Hardin County or the City of Elizabethtown, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was

caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Hardin County or the City of Elizabethtown. As such, the Court will dismiss Plaintiff's claims against Defendants HCDC and the City of Elizabethtown for failure to state a claim upon which relief may be granted.

### C. Defendants KSP Commissioner Sanders, HCDC Jailer Allen, John Does 1-15, and Jane Does 1-15

Although Plaintiff lists the above as Defendants in this action, he does not make allegations against them in the body of the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that

7

demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ( "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

This pleading rule applies equally to the John and Jane Doe Defendants. *See, e.g.*, *Rodriguez v. Nassau Cty. Police Dep't*, No. 18-CV-00203(JS) (AKT), 2018 U.S. Dist. LEXIS 95691, at *9 (E.D.N.Y. June 6, 2018) (dismissing claim against "John Doe" because the plaintiff had failed to plead sufficient factual detail to "'nudge[ ] [his or her] claims . . . across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570)); *Ferguson v. Baker*, No. 2:16-cv-01525-APG-NJK, 2017 U.S. Dist. LEXIS 10382, at *3 (D.C. Nev. Jan. 24,

2017) (dismissing claims against two "John Does" because the plaintiff's conclusory allegations against them did not satisfy pleading requirements).

Thus, the Court will dismiss these Defendants from the action for failure to state a claim upon which relief may be granted.

### D. Fourth Amendment Medical Care Claim

Plaintiff also claims that "defendants" violated his rights by failing to provide him appropriate medical care. To determine whether there is a Fourth Amendment violation[4], courts apply an objective reasonableness test, looking to the reasonableness of a defendant's actions; courts do not consider the underlying intent or motivation of a defendant. *Dunigan v. Noble*, 390 F.3d 486, 493 (6th Cir. 2004); *see also Graham v. Connor*, 490 U.S. 386, 396-97 (1989). The objective reasonableness test requires courts to consider the reasonableness of an officer's actions in light of the totality of the circumstances, and from the perspective of a reasonable officer on the scene, rather than with the advantage of hindsight. *Darrah v. City of Oak Park*, 255 F.3d 301, 307 (6th Cir. 2001). Good intent does not mitigate unreasonable actions, as bad intent does not render reasonable behavior unconstitutional. *Dunigan*, 390 F.3d at 493. We balance "the nature and quality of the intrusion on [a plaintiff's] Fourth Amendment interests against the countervailing governmental interests at stake." *Ciminillo v. Streicher*, 434 F.3d 461, 466-67 (6th Cir. 2006).

---

[4] The Sixth Circuit has not resolved whether the Fourth Amendment's objective reasonableness standard or the more onerous Fourteenth Amendment deliberate indifference standard governs claims for failure to provide medical care prior to a probable cause determination. *Bonner-Turner v. City of Ecorse*, 627 F. App'x 400, 406 n.2 (6th Cir. 2015). However, it has recognized that where the defendants' conduct does not rise to the level of a Fourth Amendment claim, it cannot offend the Fourteenth. *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 420 (6th Cir. 2015). Here, the Court uses the Fourth Amendment standard. Because the Court concludes that Plaintiff did not suffer a Fourth Amendment violation in relation to his medical care, it need not analyze his claim under the Fourteenth Amendment.

9

Upon review, the Court concludes that Plaintiff's allegations do not show that any Defendant acted with objective unreasonableness with regard to Plaintiff's medical care. Plaintiff himself alleges that KSP called an ambulance to the scene of his arrest and that two EMT's checked his vitals upon their arrival. Moreover, although Plaintiff alleges that he should have been transported immediately to the hospital based upon their findings of both high blood pressure and high blood sugar, Plaintiff admits that upon his arrival at HCDC, Defendant Borders informed the nurse of Plaintiff's elevated blood pressure and blood sugar readings. Plaintiff also alleges that this nurse checked his blood pressure and blood sugar twice during the 10-hour period he was incarcerated at HCDC. Finally, Plaintiff alleges that when he went to the hospital immediately following his release, he received treatment and pain medication for his cuts and bruises. Plaintiff, however, does not allege that he received treatment for either high blood pressure or high blood sugar while there. Therefore, he does not allege any injury in connection with the delay in receiving treatment for his elevated blood pressure and blood sugar.

Thus, the complaint itself shows that Plaintiff was promptly evaluated following his arrest, regularly monitored until he was released, and incurred no injury as a result of the delay in treatment. For these reasons, the Court will dismiss Plaintiff's Fourth Amendment medical-care claim for failure to state a claim upon which relief may be granted.

### E. Defendant Borders

Based upon the allegations set forth in the complaint**, the Court will allow Fourth Amendment claims for excessive force and false arrest and a claim under the First Amendment, as well as state-law claims for assault and battery and the intentional infliction of emotional distress, to proceed against Defendant Borders in his individual capacity.**

In allowing these claim to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### F. KSP Trooper Brown

Finally, the Court notes that Plaintiff seeks to bring a Fourth Amendment claim against Trooper Brown for failing to intervene in Defendant Borders' allegedly excessive use of force against him. Plaintiff, however, has failed to name Trooper Brown as a defendant in this action. Nonetheless, the Court will allow Plaintiff to amend his complaint to name Trooper Brown as a defendant and to sue him in his individual capacity.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's **Fourth Amendment claims based upon the denial of medical care are DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims against **Defendants KSP, HCDC, City of Elizabethtown, John Does 1-15, Jane Does 1-15, KSP Commissioner Sanders, HCDC Jailer Danny Allen, and Hardin County Ambulance Services** are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and/or for seeking damages from Defendants immune from such relief.

The **Clerk of Court is DIRECTED** to **terminate the above-named Defendants as parties to this action.**

**IT IS FURTHER ORDERED** that Plaintiff's **official-capacity claim against Defendant Borders** is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within <u>**30 days**</u> of entry of this Order, Plaintiff may file an amended complaint in which he names KSP Trooper Brown as a defendant in this action and sues him in his individual capacity. If Plaintiff timely files such an amended complaint, the Court will allow a Fourth Amendment failure-to-intervene claim to proceed against Trooper Brown in his individual capacity. Within the same 30-day period, **Plaintiff shall also submit a completed summons for Trooper Brown.**

**The Clerk of Court** is **DIRECTED to send Plaintiff the second page of a § 1983 civil-rights complaint form with the word "Amended" and this case number written in the caption**. The **Clerk of Court** is further **DIRECTED to send Plaintiff a blank summons form with this case number**.

After the 30-day period for filing an amended complaint has expired, the Court will enter a Service and Scheduling Order to govern the continuing claims.

Date: August 2, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, 125 Holmes St., Frankfort, KY 40601
A961.011