UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD                                           *Plaintiff*

v.                                          CIVIL ACTION NO. 3:16-CV-393-RGJ-RSE

KENNETH BORDERS, et al.,                                       Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Augustus Ward, ("Ward") alleges violations of state law and seeks relief under 42 U.S.C. § 1983 for alleged civil rights violations against Defendants Kenneth Borders ("Borders"),  Scott Brown ("Brown"), and Hardin County Attorney's Office ("HCAO"). [DE 101 at 914-28].   HCAO moves to dismiss under Fed. R. Civ. P. 12(b)(6).  [DE 116].  Ward moves to file a third amended complaint or, in the alternative, for a stay to have his guilty plea in Kentucky District Court set aside.  [DE 141].  Briefing is complete and the matters are ripe.  [DE 141; 144; 149].  For the reasons below, Ward's Motion for Leave to File a Third Amended Complaint [DE 141] is **GRANTED in part and DENIED in part**, and HCAO's Motion to Dismiss [DE 116] is **DENIED AS MOOT**.

## I.       BACKGROUND

### A.  **Procedural Background.**

Ward filed his initial complaint on June 22, 2016.  [DE 1].  His claims relate to his arrest on May 29, 2016, for disorderly conduct, menacing, and resisting arrest.  [*Id.*].  The Court entered an Order pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), staying this action pending the final

disposition of the criminal case against Ward.  [DE 14].[1]  The Court ordered Ward to notify the Court within 30 days of the final disposition of the state criminal action against him.  [*Id.*].  Ward later filed notices with the Court about the status of his criminal charges as well as other miscellaneous motions.  [DE 15, 19, 24, 25, 26, 27].  On July 8, 2019, Ward filed a document titled "Notice Regarding Criminal Issues" advising the Court that his "criminal issues are over." [DE 29].  On August 2, 2019, the Court entered a Memorandum Opinion and Order lifting the stay and conducting an initial review of the complaint pursuant to 28 U.S.C. § 1915A.  [DE 30].  Upon review of the complaint, the Court dismissed most of Ward's claims but allowed Fourth Amendment claims for excessive force and false arrest, a claim under the First Amendment, as well as state-law claims for assault and battery and intentional infliction of emotional distress to proceed against Borders in his individual capacity, and a Fourth Amendment excessive force claim against Brown.  [*Id.*].  Ward amended his complaint in compliance with the order.  [DE 34].

In September 2019, Brown moved to dismiss the claims against him.  [DE 36].  In November 2019, Borders moved to dismiss the Fourth Amendment false-arrest claim and the state-law claim for intentional infliction of emotional distress.  [DE 41].  Ward filed several motions related to compelling discovery and "perjury/contempt."  [DE 45, 46, 47, 48, 49, 50, 51, 52, 53, 54].  The Court denied Brown's Motion to Dismiss.  [DE 58].  Ward then moved for leave to file a second amended complaint, seeking to add HCAO as a defendant, and to add claims of "malicious prosecution" and "prosecutorial misconduct."  [DE 62].  The Court dismissed the intentional infliction of emotional distress claim against Borders and allowed the Fourth

---

[1] In *Wallace*, the Supreme Court stated that "[i]f a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 393-94.

Amendment false-arrest claim against Borders and denied Ward's perjury and discovery motions. [DE 65, DE 66]. Ward asked the Court to transfer the criminal case against him in Hardin County to this Court. [DE 85]. He also filed a Motion to Appoint Counsel [DN 95].

In July 2020, the Court granted Ward's Motion for Leave to File a Second Amended Complaint and added HCAO as a defendant. [DE 100]. HCAO moved to dismiss for failure to state a claim. [DE 116]. The Court denied Ward's motion to appoint counsel as moot when Ward retained counsel. [DE 121]. Through counsel, Ward responded to HCAO's Motion to Dismiss, and counter-moved for leave to file a third amended complaint or, in the alternative, to stay the proceedings. [DE 124]. The Court denied Ward's motion to transfer the criminal case. [DE 127]. HCAO responded to Ward's countermotion for leave to file a third amended complaint. In its response, HCAO argued that Ward's claims are subject to prosecutorial immunity, fail as a matter of law, or are time-barred. [DE 128].

Now Ward moves to file a third amended complaint or, in the alternative, for a stay to have guilty plea in Kentucky District Court set aside. [DE 141]. In his motion, Ward argues that Defendants withheld exculpatory evidence and, as a result, caused Ward to plead guilty. [DE 141 at 1285]. Borders and Brown responded to Ward's Motion to file a Third Amended Complaint, arguing only against his alternative request for a stay, and Ward replied. [DE 144; DE 149].

**B. Proposed Third Amended Complaint.**

In his Proposed Third Amended Complaint, Ward seeks to voluntarily dismiss HCAO and simultaneously join three new defendants in their individual capacity, each a prosecutor from the HCAO: Melanie Biggers, Assistant County Attorney for Hardin County, Donald C. Jones, Assistant County Attorney for Hardin County, and Jennifer Oldham, County Attorney for Hardin County. [DE 141-1, at 1294-96]. Against each of these defendants, Ward asserts Federal

3

Constitutional Claims under the First, Fourth, Sixth, and Fourteenth Amendments for violating his rights to freedom from unreasonable seizure, deprivation of liberty without due process, and freedom from unlawful use of force. [DE 141-1 at 1303]. Against all Defendants except Brown, Ward asserts Malicious Prosecution claims. [DE 141-1 at 1305]. Against Borders and Brown, Ward asserts state law Assault, Battery, and Perjury claims. [DE 141-1 at 1304, 1306]. Against Borders only, Ward asserts a state law punitive damages claim. [DE 141-1 at 1307].

In his Proposed Third Amended Complaint, Ward includes a statement of factual allegations similar to those previously filed. Ward alleges that on May 30, 2016, Borders pulled Ward over for travelling too slowly in the left lane. [DE 141-1 at 1296]. Ward states that Borders ticketed him for not having valid insurance or registration, and an unpleasant verbal exchanged ensued. [*Id.*]. Ward asserts that the insurance and registration charges were ultimately dropped. [*Id.*]. Ward alleges that, after the incident, he went to the Kentucky State Police Post 4 to lodge a complaint against Borders. [*Id.* at 1297]. When Ward arrived, Borders and Brown came out to speak to Ward. [*Id.*]. Ward states that he and the troopers had a heated verbal exchange, after which he walked away, calling Borders a derogatory name. [*Id.*]. Ward asserts that Borders pursued Ward, issued orders for him to stop, arrested him, tased him twice, and used pepper spray on him. [*Id.*]. Ward alleges that there were no witnesses when he called Borders a derogatory name, and that Borders was aware of this. [*Id.* at 1299].

Ward alleges that when Borders prepared his police report regarding the arrest incident, he referred to employees from a Cracker Barrel as having heard the disturbance. [*Id.*]. Ward states that he was in poor health and had congestive heart failure at the time of the arrest. [*Id.*]. Ward also asserts that Brown was present when Borders arrested Ward, and that although he had

4

reasonable and realistic opportunity and means, Brown failed to intervene to protect Ward's constitutionally protected rights and was therefore complicit.  [*Id.* at 1300].

Ward alleges that Biggers, Jones, and Oldham, were with the HCAO in 2017, and held exculpatory evidence in his case that they failed to disclose.  [*Id.* at 1300-01].  This exculpatory evidence is specifically a sworn statement by a manager at Cracker Barrel that none of the employees witnessed Ward's arrest or the alleged disorderly conduct.  [*Id.* at 1301].  Ward states that Biggers, Jones, and Oldham permitted Borders to give testimony that the Cracker Barrel employees had witnessed Ward's disorderly conduct although they knew there were no witnesses, and that witnesses were necessary for prosecution.  [*Id.* at 1301-02].  Ward states that Borders gave false testimony under oath with the knowledge and acceptance of Biggers, Jones, and Oldham. [*Id.* at 1302].

## II.    DISCUSSION

### A.  Motion to File Third Amended Complaint [DE 141].

Ward moves for leave to amend his complaint "to ensure that "Plaintiff's claims are clearly, fully, and effectively articulated against the appropriate Defendants to that the Court can decide this matter on the merits."  [DE 141 at 1285].  Ward attaches a Proposed Amended Complaint, in which Ward voluntarily dismisses HCAO and joins the three prosecutors.  [DE 141-1 at 1294-96].

Borders and Brown oppose, arguing that the Court should deny Ward's alternative motion to stay this action to have the guilty plea in Kentucky District Court Set Aside.  [DE 144 at 1319].  HCAO did not directly object or respond to Ward's request to file a third amended complaint.  [DE 141].  But following Ward's response to HCAO's Motion to Dismiss [DE 124], in which Ward counter-moved for leave to file a third amended complaint, HCAO filed a response objecting to Ward's counter-motion to file a third amended complaint.  [DE 128 at 1254].

5

*1. Standard for Amendment*

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64 (2007)).  The moving party

has the burden of proving that no claim exists.  *Total Benefits Plann. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)).  If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 Fed. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted).  Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

   2.  *Analysis*

      a.  *Donald Jones, Melanie Biggers, and Jennifer Oldham*

   Ward's Proposed Third Amended Complaint voluntarily dismisses HCAO and simultaneously joins three prosecutors from the HCAO in their individual capacities.  [DE 141-1, at 1294-96].  HCAO opposes amendment and asserts that Ward's claims are time-barred as HCAO was unaware of the action until it was served with the Second Amended Complaint, and argues preemptively that any claims against a HCAO prosecutor must fail because they would be entitled to prosecutorial immunity.  [DE 128 at 1254-56].  Further, HCAO argues that its office and prosecutors did not have notice of the lawsuit because Ward filed his first complaint in this case in June 2016, and HCAO was unaware of the action until it was served in July 2020, beyond the

one-year limitation period, and barring any relation back to the original filing under Rule 15(c)(1)(C).  [DE 128 at 1256].

The parties do not assert undue delay, bad faith, or dilatory motive, and thus, the Court's analysis will be limited to lack of notice to the opposing party, whether these defendants would be prejudiced if added to this lawsuit and futility.

### i.   *Notice*

Under the Federal Rules of Civil Procedure, there are four requirements for adding a defendant in an amendment: (1) the claim to be amended arose out of the same transaction or occurrence as the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint, 120 days.  Fed. R. Civ. P. 15(c).  Notice may be actual or constructive.  *Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir.1986).  This is a "patently factual inquiry." *Eady v. Young*, No. 4:12-CV-28, 2013 U.S. Dist. LEXIS 197304, at *9 (E.D. Tenn. Feb. 6, 2013).

Furthermore, when an official is sued in her official capacity, or involved in a lawsuit in her official capacity, that does not explicitly put her on notice that she may be sued in her individual capacity.  *See Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir. 1993).  A plaintiff's knowledge of a mistake or lack thereof is irrelevant under Rule 15(c)(1)(C); the rule is only concerned with whether "the newly named defendant knew or should have known that but for the plaintiff's mistake the action would have been brought against him." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, (2010) (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)).  "A defendant's actual knowledge of the

8

complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint." *Smith v. City of Akron*, 476 F. App'x 67, 69 (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)).

Jones, Biggers, and Oldham may not be added by amendment.  While the claims against them arise from the same transaction or occurrence as in his original complaint, the new defendants did not receive "such notice of the action that [they] will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i).  The original Complaint Ward filed in June 2016 does not name any of these defendants in any capacity.  [DE 1]. Ward's First Amended Complaint [DE 34], filed in August 2019, also did not name Jones, Biggers, or Oldham in any capacity, but did name HCAO.  To the extent that Jones, Biggers, and Oldham received notice through the HCAO being named in Ward's Second Amended Complaint filed in July 2020 [DE 101], it was outside the 120 days proscribed by the Federal Rules of Procedure,[2]  and secondly, it only passively named them in their official capacities with no notice of personal liability.  Nor is there any evidence to suggest that Jones, Biggers, or Oldham knew or should have known – or would have had any reason to even suspect – that this lawsuit should have been brought against them.  Ward sent Interrogatories and Production of Documents to Melanie Biggers and Jennifer Oldham in October 2019 and served Donald Jones (and Melanie Biggers) with a Subpoena in June 2020.  [DE 39-6, at 284; DE 39-7, at 292; DE 76].  This is the earliest reference to any of the newly named defendants that the Court found in the Record.

---

[2] "A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint." *Smith*, 476 F. App'x at 69 (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)).

ii.     *Futility*

Additionally, even if Jones, Biggers, and Oldham had received notice and would not be prejudiced in maintaining a defense on the merits, any amendment including these defendants would be futile, because Jones, Biggers, and Oldham are entitled to prosecutorial immunity. Prosecutors are entitled to immunity when performing their prosecutorial functions that are "intimately associated with the judicial process," even if it leaves "the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976).  On the other hand, if a prosecutor strays from those functions, "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  A prosecutor is not entitled to immunity "when [she] is acting as a witness rather than an advocate." *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009).  But absolute immunity "protects a prosecutor when she evaluates evidence and presents that evidence at trial or before a grand jury, prepares witnesses for trial, and even elicits false testimony from witnesses." *Adams v. Hanson*, 656 F.3d 397, 402 (6th Cir. 2011).  Furthermore, "prosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information at trial." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

In this case, the prosecutors were not acting as witnesses, nor were they conducting investigatory functions that do not relate to the initiation of a prosecution; rather, they were initiating judicial proceedings and evaluating evidence.  Ward alleges that they had exculpatory evidence that they did not disclose to him during his criminal case, and that they allowed Defendant Borders to testify, knowing that his testimony was false.  [DE 141-1 at 1301].  These actions are

10

"intimately associated with the judicial process" and entitle Jones, Biggers, and Oldham "to absolute immunity" from Ward's claims in his Proposed Third Amended Complaint. *Imbler,* 424 U.S. at 430; *Buckley*, 509 U.S. at 273.

Thus, because Jones, Biggers, and Oldham did not have proper notice and amendment would be futile, the Court denies Ward's motion for leave to amend his complaint to include claims against Jones, Biggers, and Oldham.

> b. *Borders and Brown*

Finding no evidence of undue delay, bad faith, or dilatory motive, the Court's analysis will be limited to whether amendment as to these Defendants is futile. Because the standard for futility mirrors the review applied in motions to dismiss, the Court will address Ward's amended allegations as if included in Ward's Complaint. *See Saunders v. Ford Motor Co.*, No. 3:14-cv-00594-JHM, 2015 WL 1980215 at *4 (W.D. Ky. May 1, 2015) (addressing plaintiff's amended allegations as if included in first complaint); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss'").

> i. <u>*Constitutional Claims: First, Fourth, Sixth, and Fourteenth Amendment rights*</u>

Ward alleges that all defendants violated his rights under the First, Fourth, Six, and Fourteenth Amendments to the United States Constitution to freedom of speech, unreasonable seizure, deprivation of liberty without due process, and unlawful use of force. [DE 141-1 at 1303]. Ward alleges "specifically" that Borders arrested him in retaliation for calling Borders derogatory names, which violated Ward's First, Fourth, and Fourteenth Amendment rights, that Borders used

a taser and pepper spray, an unlawful use of force, and that Borders deprived Ward of liberty without due process by illegally arresting him and by withholding exculpatory evidence. [*Id.*]. Ward does not specify how Brown violated his constitutional rights, beyond incorporating by reference his general factual allegations. [*Id.*]. Ward does not specify whether his claims are based on procedural or substantive due process.

### 1. First Amendment

To establish a claim of First Amendment retaliation, a plaintiff must prove "(1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [plaintiff's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) (en banc)). Ward alleges that Borders arrested him in retaliation for calling Borders derogatory names, which violated Ward's First Amendment right. [DE 141-1 at 1303].

Based on the allegations set forth in the proposed amended complaint, and making all reasonable inferences in Ward's favor, it is sufficient, at this stage of litigation, for Ward to allege "enough facts to state a claim to relief" under the First Amendment "that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Thus, the Court finds that amendment is not futile and grants Ward's motion for leave to amend as to this claim.

### 2. Fourth and Fourteenth Amendments

As for the Fourth and Fourteenth Amendment claims, "which amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010) (citing *Gravely v. Madden*, 142 F.3d 345, 348–49 (6th Cir.1998)). The Fourth Amendment's prohibition against

12

unreasonable seizures of the person applies to excessive-force claims that "arise[ ] in the context of an arrest or investigatory stop of a free citizen." *Aldini*, 609 F.3d at 860. "If the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim is governed by the Fourth Amendment's reasonableness standard." *Id.* at 865. Here, because Ward was a free citizen at the time of his alleged claims, his excessive force and unreasonable seizure claims are governed by the Fourth Amendment, rather than the Fourteenth Amendment.

Ward alleges that Borders used a taser and pepper spray, which was an unlawful use of force, and that Borders deprived Ward of liberty without due process by illegally arresting him and by withholding exculpatory evidence. [DE 141-1 at 1303]. Ward does not specify how Brown violated his constitutional rights, beyond incorporating by reference his general factual allegations. [*Id.*].

Based on the allegations set forth in the proposed amended complaint, and making all reasonable inferences in Ward's favor, it is sufficient, at this stage of litigation, for Ward to allege "enough facts to state a claim to relief" under the Fourth Amendment "that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Thus, the Court finds that Fourth Amendment claim is not futile, and grants Ward's motion for leave to amend as to this claim.

As for the Fourteenth Amendment claim, the Court finds that it is futile to allow Ward to amend as to this claim.

### 3. *Sixth Amendment*

Ward alleges that defendants violated his rights under the Sixth Amendment. [DE 141-1 at 1303]. Under the Sixth Amendment, citizens of the United States enjoy a variety of rights,

13

including the right to trial, counsel, jury, and to confront witnesses.[3]  U.S. Const. Amend. VI.

Ward has not alleged facts in his Proposed Complaint sufficient for the court to even determine

what his claims is, let alone sufficient to state a claim upon which relief may be granted.  The

Court finds that it is futile to allow Ward to amend as to this claim.

        *ii.*    *Perjury Claim*

Ward does not state under what basis he brings his "perjury" claim, only alleges that

Defendants Borders and Brown intentionally falsely testimony under oath.  [DE 141-1 at 1306].

Neither Borders nor Brown responded.

It is unclear whether Plaintiff is alleging a federal or state-law cause of action for perjury.

To the extent it is a state-law claim of perjury, Kentucky does not recognize this as a cause of

action.  Kentucky's highest court observed that, where a witness willfully and maliciously gives

false testimony, he is liable to prosecution for perjury or false swearing.  *McClarty v. Bickel*, 159

S.W. 783, 784 (Ky. 1913)   "[However] [n]o civil action will lie against him, because it is a well-

settled rule in practically all jurisdictions that the testimony of a witness given in the course of a

judicial proceeding is privileged and will not support a cause of action against him."  *Id; See also*

*Reed v. Isaacs*, 62 S.W.3d 398, 399 (Ky. Ct. App. 2000) (no civil action for lying to grand jury).

To the extent it is a federal claim of perjury, the United States Supreme Court has held that "all

witnesses—police officers as well as lay witness—are absolutely immune from civil liability based

---

[3] Under the Sixth Amendment:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. Amend. VI.

on their trial testimony in judicial proceedings." *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983). "[T]he mere fact that plaintiffs may allege a conspiracy to render false testimony, as opposed to simply alleging that one person testified falsely at trial, does not waive absolute testimonial immunity." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999).

As a result, because no civil federal or Kentucky state law perjury claim is recognized, the Court finds that it is futile to allow Plaintiff to amend as to this claim.

> iii.    *State law Assault and Battery Claim*

The Kentucky Supreme Court has defined the civil standard for assault and battery in simple terms:

> An assault is an attempt or effort, with force and violence, to do a corporal hurt to another by striking at another in striking distance with or without a weapon, though the party striking misses his aim.  A battery is any unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him.

*Sigler v. Ralph*, 417 S.W.2d 239, 241 (Ky. 1967) (quoting Caldwell's Kentucky Judicial Dictionary, Volume I, p. 262).  Lack of consent and intent to make contact are "essential element(s) of battery." *Vitale v. Henchey*, 24 S.W.3d 651, 657-58 (Ky. 2000).

Ward alleges that Borders and Brown assaulted and battered him by using a taser on him and pepper sprayed him in retaliation for Ward calling Borders a derogatory name.  [DE 141-1 at 1304].  Neither Borders nor Brown responded.

Based on the allegations set forth in the proposed amended complaint, and making all reasonable inferences in Ward's favor, it is sufficient, at this stage of litigation, for Ward to allege "enough facts to state a claim to relief" under Kentucky state law that the claim "is plausible on its face". *Twombly*, 550 U.S. at 570 (2007).  Thus, the Court finds that the state law assault and battery claim is not futile, and grants Ward's motion for leave to amend as to this claim.

15

          *iv.*    <u>*Malicious Prosecution*</u>

It is unclear whether Plaintiff is alleging a federal or state-law cause of action for Malicious Prosecution.  To the extent that it is a federal claim of Malicious Prosecution, in order for a plaintiff to prevail on a claim of malicious prosecution under § 1983, he must show four things: first, "that a criminal prosecution was initiated against [him] and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)).  "Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution." *Id.* (citing *Fox*, 489 F.3d at 237 and *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 675 (6th Cir. 2005)).  Third, the plaintiff must prove "that, 'as a consequence of a legal proceeding,' the plaintiff suffered a 'deprivation of liberty,' as understood in our Fourth Amendment jurisprudence, apart from the initial seizure." *Id.* at 308-09 (quoting *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007)).  Finally, "the criminal proceeding must have been resolved in the plaintiff's favor."  *Id.* at 309 (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).  It is not necessary that the plaintiff show malice or a specific intent on the part of the defendant to violate the plaintiff's constitutional rights.  *See id.*

To the extent that it is a state law claim of Malicious Prosecution, the Supreme Court of Kentucky has explained that "[a] malicious prosecution action may be established" where five separate elements are shown:

> (1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff; 2) the defendant acted without probable cause; 3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based; 4) the proceeding, except in ex parte civil actions,

16

terminated in favor of the person against whom it was brought; and 5) the plaintiff suffered damages as a result of the proceeding.

*Martin v. O'Daniel*, 507 S.W.3d 1, 11–12 (Ky. 2016), as corrected (Sept. 22, 2016).  The crucial difference between an action under § 1983 and one under Kentucky common law is that the former does not require a showing of malice, while the latter does.  *See id.*

Ward argues that Borders and the County Attorney Defendants pursued his prosecution for disorderly conduct without probable cause and despite being in possession of exculpatory evidence that negated an essential element of the disorderly conduct crime.  [DE 141-1 at 1305-06].  The exculpatory evidence that Ward argues that Borders and the County Attorney Defendants were in possession of is specifically a statement from the Cracker barrel manager that none of his employees witnessed his disorderly conduct.  [*Id.*].  Ward argues that this negates the public element of disorderly conduct because law enforcement officers themselves are not the public. [*Id.*].  He further argues that Defendants withheld this statement, that he would not have pled guilty in light of this statement, and that he was prosecuted in retaliation for calling Borders a derogatory name.  [*Id.*].

Ward's claim for malicious prosecution fails as a matter of law either as a federal or state law claim because the criminal proceeding did not resolve in the plaintiff's favor.  Both federal and state law claims for malicious prosecution require that the proceeding terminated in the plaintiff's favor.  Ward exhausted his appellate remedies on the underlying disorderly conduct charge when the Kentucky Supreme Court denied discretionary review on 06-05-2019.  [DE 116-4 at 1224 (Case No 17-XX-00020)].  Because Ward does not have a proceeding that terminated in his favor, his complaint cannot support a cause of action for malicious prosecution.

As a result, it is futile to allow Plaintiff to amend as to this claim.

17

v.   *State Law Claim for Punitive Damages*

Kentucky law requires a plaintiff pursuing punitive damages to prove "by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." KRS § 411.184(2).  Although the "malice" provision was found to be unconstitutional, *Berrier v. Bizer*, 57 S.W.3d 271, 283-84 (Ky. 2001), a showing of "gross negligence" remains sufficient.  *Turner v. Werner Enterprises, Inc.*, 442 F. Supp. 2d 384, 385 (E.D. Ky. 2006); *see also Williams v. Wilson*, 972 S.W.2d 260, 262–65 (Ky. 1998).  The clear and convincing standard can be satisfied by producing evidence of a probative and substantial nature that carries enough weight to convince ordinarily prudent-minded people of its validity.  *See W.A. v. Cabinet for Health and Fam. Servs.*, 275 S.W.3d 214, 220 (Ky. Ct. App. 2008).

Ward alleges that "Defendant Borders maliciously attacked Mr. Ward and used his taster upon him for the sole purpose of causing Mr. Ward injury," that defendants "acted deceitfully and concealed exculpatory evidence" and "acted with oppression towards Mr. Ward."  [DE 141-1 at 1307].  Neither Borders nor Brown responded.

Based on the allegations set forth in the proposed amended complaint, and making all reasonable inferences in Ward's favor, it is sufficient, at this stage of litigation, for Ward to allege "enough facts to state a claim to relief" under Kentucky state law that the claim for punitive damages "is plausible on its face".  *Twombly*, 550 U.S. at 570 (2007).  Thus, the Court finds that the punitive damages claim is not futile, and grants Ward's motion for leave to amend as to this claim.

c.   *Defendant Hardin County Attorney's Office*

In his Proposed Third Amended Complaint, Ward appears to voluntarily dismiss HCAO. [DE 141-1 at 1294-96].  Granting Ward's motion for leave to amend serves as a voluntary

dismissal of HCAO.  Under Fed. R. Civ. P. 41, there are "two main mechanisms by which a plaintiff may voluntarily dismiss" claims against a defendant.  *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020).  If the party has not served an answer or a motion for summary judgment, the plaintiff may dismiss the party without filing a notice of dismissal.  *Id.;* Fed. R. Civ. P. 41(a)(1).  "[I]f an opposing party has served an answer or a motion for summary judgment, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020).  A dismissal under Fed. R. Civ. P. 41(a)(1) is with prejudice; dismissal under Fed. R. Civ. P. 41(a)(2) is without prejudice "[u]nless the order states otherwise." *Id.*  Dismissals through court order are subject to the discretion of the court.  *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (reviewing a motion for dismissal under Rule 41(a)(2) for "abuse of discretion").  The district court should not approve voluntary dismissal without if the defendant will suffer "plain legal prejudice" as a result of a dismissal without prejudice. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted).  When assessing plain legal prejudice, the court should consider factors such as: (1) the defendant's effort and litigation expenses, (2) excessive delay and lack of diligence on the part of plaintiff, (3) insufficient explanation of the need for dismissal, and (4) whether a motion for summary judgment has been filed by defendant. *Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)).  "These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)).

19

The factors favor granting a voluntary dismissal without prejudice.  HCAO does not argue that it would suffer prejudice.  [DE 128].  It does not appear that the defendants have significant effort or litigation expense involved in this lawsuit, and there is no apparent excessive delay or lack of diligence on Ward's part; both factors thus favor granting voluntary dismissal without prejudice.  There is also no explanation by either party of the need for dismissal, making this factor neutral.  And there was no motion for summary judgement filed, which favors granting a voluntary dismissal without prejudice.  In fact, the only argument HCAO makes regarding a voluntary dismissal is that "the Office would certainly have no objection to its voluntary dismissal from this action."  [DE 128 at 1255].  As a result, the Court grants a voluntary dismissal without prejudice.

Thus, Plaintiff's Motion for Leave to File a Third Amended Complaint [DE 141] is **GRANTED in part and DENIED in part.**  The Court is granting Ward's Motion for Leave, and thus denies his motion in the alternative for Stay to Have Guilty Plea in Kentucky District Court Set Aside.[4]

## B.  Hardin County Attorney Office's Motion to Dismiss Pursuant to FRCP 12(b)(6)

Defendant HCAO asks the Court to dismiss all claims against it under Fed. R. Civ. P. 12(b)(6).  [DE 116 at 1204].  "[W]hen the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

---

[4] On 06-05-2019, the Kentucky Supreme Court denied discretionary review of Ward's Disorderly Conduct charge.  [DE 116-4 at 1224 (Case No 17-XX-00020)].  Ward has exhausted his appellate remedies, and thus his alternative motion would be denied even if his Motion for Leave to File a Third Amended Complaint was granted.

20

The Court grants Ward leave to file the amended complaint. As a result, Ward's claims against HCAO will be dismissed without prejudice. Thus, Defendant Hardin County Attorney Office's Motion to Dismiss [DE 116] is **DENIED AS MOOT**.

### III.   <u>CONCLUSION</u>

For the reasons above, and being otherwise sufficiently advised, **THE COURT ORDERS AS FOLLOWS**:

(1) Ward's Motion for Leave to File a Third Amended Complaint [DE 141] is **GRANTED in part and DENIED in part** as set forth above.

(2) Ward shall file his Third Amended Complaint within seven (7) days of this Opinion. The Third Amended Complaint shall not include the claims and allegations against Donald Jones, Melanie Biggers, Jennifer Oldham, or the Hardin County Attorney's Office.

(3) The Third Amended Complaint shall not include the Sixth Amendment claim, Fourteenth Amendment claim, Malicious Prosecution claim, or Perjury claim.

(4) Defendant Hardin County Attorney Office's Motion to Dismiss [DE 116] is **DENIED AS MOOT**.

Rebecca Grady Jennings, District Judge

United States District Court

September 30, 2021

Cc: Counsel of record

21