UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD                                                    Plaintiff

v.                                                         CIVIL ACTION NO. 3:16-CV-393-RGJ-RSE

KENNETH BORDERS, et al.,                                                 Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendants Kenneth Borders ("Borders") and Sergeant Scott Brown ("Brown") ("Defendants") move to partially dismiss Plaintiff Timothy Augustus Ward's ("Ward") complaint against them. [DE 152]. Ward responded [DE 154], and Defendants replied. [DE 155]. For the reasons below, Defendants' partial motion to dismiss [DE 152] is **GRANTED**.

## I.     BACKGROUND

Ward's claims relate to Defendants' arrest of him in May 2016. [*See* DE 151]. After his arrest, Ward entered a "conditional plea" in state court. [*Id.* at 1409]. The Court incorporates the procedural and factual background set forth in its order on Defendants' motions to dismiss and Ward's motion to file a third amended complaint. [DE 150].

Upon preliminary review of the original complaint, the Court dismissed many of Ward's pro se claims. [DE 30]. Ward has since amended his complaint three times [DE 34; DE 101; DE 151] and changed counsel status three times [DE 118; DE 166; DE 174]. The Court last analyzed Ward's complaint on a simultaneous motion to dismiss and motion to file a third amended complaint; at that time it dismissed several defendants and claims, and allowed a fourth amendment. [DE 150]. The remaining claims against Borders and Brown are two § 1983 claims, a First Amendment retaliation claim, a Fourth Amendment claim for "false arrest/imprisonment,"

and state law claims for assault, battery, and punitive damages. [DE 65; DE 150; DE 151]. Defendants now move to dismiss the "false arrest/imprisonment" claim. [DE 152].

The Court addressed this claim when Borders moved to dismiss it previously. [DE 41; 65]. The Court determined that neither the Complaint nor the motion to dismiss contained sufficient factual or legal information about Plaintiff's arrest, charges, "conditional plea," apparent conviction of certain crimes, and subsequent appeals to determine whether *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Ward's claim. [DE 65 at 560].

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. DISCUSSION

#### I. Fourth Amendment Claim

In his Third Amended Complaint, Ward alleges "false arrest/imprisonment." [DE 151 at 1411]. The Court initially allowed this as a Fourth Amendment claim for false arrest under § 1983.[1] [DE 65]. In this claim, Ward alleges that Defendants arrested him "without probable cause in retaliation" and in violation of his "First [and] Fourth [] Amendment Rights" which "constitutes

---

[1] The Supreme Court has noted that false arrest and false imprisonment claims under § 1983 "overlap," as false arrest is a "species" of false imprisonment. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Ward does not differentiate between the claims [*see* DE 151 at 1411], and false arrest and false imprisonment claims are "virtually synonymous," so the Court will analyze Ward's "false arrest/imprisonment" claim as a single "false arrest" claim. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 n.2 (2019); *see Saltmarshall v. Prime Healthcare Servs.-Garden City LLC*, 831 F. App'x 764, 768 (6th Cir. 2020) (treating plaintiff's false arrest and false imprisonment claims "as one" because "false arrest is a subspecies of false imprisonment" (citing *Wallace*, 549 U.S. at 388–89)).

3

false imprisonment." [DE 151 at 1411]. Ward's factual allegations specify that Defendants had no probable cause to arrest him specifically on the charge of disorderly conduct. [*See Id.* at 1405].

Defendants ask the Court to dismiss Ward's false arrest claim because Ward stipulated to probable cause for his arrest by conditionally pleading guilty. [DE 152 at 1414-19]. Defendants argue Ward's guilty plea, conviction, and exhaustion of state appellate remedies estop him from bringing his claim under *Heck v. Humphrey*, 512 U.S. 477 (1994). [DE 152 at 1414-19]. Ward argues that his false arrest claim is not barred because there was no probable cause for his arrest. [DE 154 at 1427-29]. He argues about the facts underlying his arrest—that they did not lead to probable cause. [*See Id.* at 1428-30]. Ward argues that *Heck* does not bar his claim because he "is not seeking to invalidate his conviction, but his arrest." [*Id.* at 1429].

To state a false arrest claim, Ward must plausibly allege that his arrest "was unsupported by probable cause." *See Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015). The test for whether an arrest is constitutionally valid is "whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964); *see United States v. Thomas*, 11 F.3d 620, 627 (6th Cir. 1993). Without probable cause, an arrest constitutes an unreasonable seizure in violation of the Fourth Amendment. *United States v. Torres-Ramos*, 536 F.3d 542, 554 (6th Cir. 2008) (citation omitted). In *Heck*, the United States Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination,

> or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87 (citations omitted). In other words, "pleading guilty to a criminal charge estops the plaintiff from challenging probable cause for the arrest for that violation for purposes of a section 1983 claim." *Helfrich v. City of Lakeside Park*, No. CIV.A. 2008-210 WOB, 2010 WL 3927475, at *1 (E.D. Ky. Oct. 4, 2010). When considering whether a claim is barred by *Heck*, the Sixth Circuit has stated that "the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (quoting *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007)). "The *Heck* doctrine applies only where a § 1983 claim would *necessarily* imply the invalidity of the conviction." *Settles v. McKinney*, No. 3:12-CV-00368, 2013 WL 5346503, at *3 (W.D. Ky. Sept. 23, 2013) (citing *Nelson v. Campbell*, 541 U.S. 637, 647 (2004)).

To support their argument, Defendants attach by reference video exhibits of a suppression hearing (and transcription of same), a copy of Ward's "conditional plea" of guilty, and his subsequent conviction, all from the underlying criminal case. [DE 141 at 1286; DE 144-1; DE 144-2; DE 149-1; DE 150 at 1397; DE 152 at 1414-18]. Defendants also point to the Court's statement that Ward has exhausted his appellate remedies on the underlying disorderly conduct charge. [DE 150 at 1397]. Generally, "matters outside of the pleadings are not to be considered by a court in ruling on a . . . motion to dismiss." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Still, the Court may "consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks and citation

omitted). The Court may also consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Additionally, the Court may take judicial notice of public documents and government documents because their sources "cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (courts may take judicial notice of proceedings from other courts).

Ward relies on his arrest as the basis of his claims, references the criminal case and conditional plea in his third amended complaint, and does not object to the Court's consideration of any of Defendants' attachments. [*See* DE 151; DE 154]. The criminal case documents are thus central to Ward's claims and the Court may properly consider them in deciding Defendants' motion. And the Court may also appropriately consider the plea, Circuit Court appellate order, and orders declining discretionary review as proceedings from other courts. *See Bassett*, 528 F.3d at 430; *and Lyons*, 188 F.3d at 332 n.3; *see also Marvaso v. Sanchez*, 971 F.3d 599, 608 n.2 (6th Cir. 2020) (considering defendant's warrant affidavit in deciding 12(b)(6) motion when plaintiff alleged unconstitutional search and seizure under § 1983); *Harris v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:11-CV-338-H, 2012 WL 777263, at *2 (W.D. Ky. Mar. 8, 2012) (considering transcript and other exhibits from plaintiff's underlying criminal action, submitted by defendant when deciding a motion to dismiss, and noting that the underlying state criminal case "[wa]s certainly 'central' to [p]laintiff's [§ 1983] claims"); *and Battle v. Parr*, No. 3:17-CV-500-DJH, 2018 WL 4558200, at *3 (W.D. Ky. Sept. 21, 2018) (considering exhibits attached to motion to dismiss that were part of plaintiff's underlying criminal case and "central" to her false arrest claim).

     *a. Conditional Plea*

  In his Third Amended Complaint, Ward references the fact that his plea was "conditional," and states that he "thought he was preserving his claims." [DE 151 at 1409]. The Court, on earlier motion to dismiss, concluded that Ward's "conditional plea" may preserve his claim, but that neither party had provided the Court with sufficient briefing on the issue. [DE 65 at 560]. The Court again considers whether the "conditional" portion of Ward's plea preserves his claim. The 'condition' on Ward's plea was retention of "his rights to appeal decisions of 8/1/16 and 9/15/17." [DE 116-1 at 1216; DE 116-2 at 1219]. Each of these orders was a denial of Ward's motion to dismiss the charges against him—the first motion was a pro se motion to dismiss; the second, a motion to dismiss "as the evidence is insufficient." [DE 116-2 at 1218-19]. After his plea, Ward appealed these orders. [*Id.* at 1217-21]. The Hardin Circuit Court, on appellate review, first clarified which issues had been preserved for appellate consideration—what the "conditions" of Ward's plea were—and explained that only the two motions to dismiss, for insufficiency of evidence, were preserved. [*Id.* at 1219-20]. The Circuit Court then explained that the only time such a motion could be brought, as had been explained by the lower court, is "following the conclusion of the Commonwealth's proof by means of a motion for a directed verdict." [*Id.* at 1220]. The Circuit Court held that because there was no trial, no such motion could be properly brought, and they were properly dismissed. [*Id.*]. The Circuit Court ultimately affirmed Ward's judgment of conviction. [*Id.* at 1221]. The Kentucky Court of Appeals and the Supreme Court of Kentucky each denied discretionary review, exhausting Ward's state appellate options on his guilty plea. [DE 116-3; DE 166-4]. The conditions on Ward's plea thus do not preserve his claim or bar a finding of probable cause.

7

### b. *Exculpatory Evidence*

Ward also argues that his claim is preserved because he "is not seeking to invalidate his conviction, but his arrest," because Defendants "fabricated evidence and thus did not have probable cause for the arrest" and he "would not have pled guilty if [he] would have been presented with the exculpatory evidence." [DE 154 at 1429]. This is essentially an argument that *Brady* evidence was withheld. But this argument, if won, "would necessarily call into question the propriety of his convictions" and thus the rule from *Heck* bars this argument and does not bar a finding of probable cause. *Hobbs v. Faulkner*, No. 19-3303, 2020 WL 12933850, at *2 (6th Cir. June 9, 2020) (citing *Ruiz v. Hofbauer*, 325 F. App'x 427, 431 (6th Cir. 2009) (holding that a *Brady* claim "necessarily implies the invalidity of the underlying conviction")).

### c. *Estoppel under Heck*

Ward was arrested and charged with disorderly conduct, among other things. [DE 116-2 at 1217]. He entered a "conditional guilty plea" and was convicted of "disorderly conduct, 2nd degree." [*Id.* at 1217-18; DE 151 at 1409]. Ward does not argue otherwise; he argues only that there was no probable cause based on the elements—that under Kentucky law disorderly conduct must occur in a public place, the Merriam Webster dictionary defines public as "exposed to general view," and only police observed his conduct. [DE 154 at 1428-29]. His Fourth Amendment false arrest claim is based on a lack of probable cause on the disorderly conduct charge. [*See* DE 151 at 1403-11; DE 154 at 1427-30]. Since he conditionally pleaded guilty on the disorderly conduct charge, Ward is barred from arguing that Defendants arrested him without probable cause on that same violation. [DE 116-1; DE 116-2; *see Heck*, 512 U.S. at 486–87; *See also Helfrich*, 2010 WL 3927475, at *1 ("pleading guilty to a criminal charge estops the plaintiff from challenging probable cause for the arrest for that violation for purposes of a section 1983 claim"); *and Stoner v. Wills*,

8

No. CIV.A. 3:08-69-DCR, 2009 WL 3126312, at *2–3 (E.D. Ky. Sept. 24, 2009) ("As a result of his guilty plea, [plaintiff] is estopped from arguing that [the officer defendant] did not have probable cause to arrest him . . . Because an essential element of a claims under 42 U.S.C. § 1983 for an alleged unreasonable seizure is that probable cause did not exist, [plaintiff's] claim under the Fourth and Fourteenth Amendment fails.").

The Court finds no argument preserving Ward's claim or barring a finding of probable cause. Under *Heck*, Ward's guilty plea thus bars him from arguing that Defendants arrested him without probable cause and his Fourth Amendment claim cannot proceed. *Heck*, 512 U.S. at 486–87; *Stoner*, 2009 WL 3126312, at *2–3. Thus, Defendants Motion to Dismiss [DE 152] is **GRANTED** and Ward's Fourth Amendment false arrest claim is **DISMISSED**.

## II. Sixth and Fourteenth Amendment Claims

Defendants also ask the Court to dismiss Ward's Sixth and Fourteenth Amendment claims. [DE 152 at 1413-14]. The Court ordered the Third Amended Complaint not to include such claims. [DE 150 at 1401]. Ward states that references to the Sixth and Fourteenth Amendment claims "were intended to be stricken" and "unintentionally missed." [DE 154 at 1427]. The Court considers these claims **DISMISSED**.

## III. First Amendment and State Law Claims

Defendants did not move to dismiss Ward's First Amendment retaliatory arrest claim or state law claims, and these claims remain against Borders and Brown. The dispositive motion deadline is February 6, 2023, and this case remains set for trial September 25, 2023. [DE 178].

## IV.     CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT ORDERS AS FOLLOWS**:

(1) Defendants' partial Motion to Dismiss [DE 152] is **GRANTED**, and Ward's Fourth, Sixth, and Fourteenth Amendment claims are **DISMISSED**.

Rebecca Grady Jennings, District Judge
United States District Court

September 13, 2022

Cc: Counsel of record