**FILED**

JAMES J. VILT JR,
CLERK

September 26, 2023

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD                                                        Plaintiff

v.                                          CIVIL ACTION NO. 3:16-CV-393-RGJ-RSE

KENNETH BORDERS, et al.,                                                   Defendants

**JURY INSTRUCTIONS**

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every case.  Then I will explain some rules that you must use in evaluating the testimony and evidence. Then I will explain the rules of law that you must apply in deciding whether the Plaintiff has proven the elements of his counts against the Defendants.  And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions now.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you and reach a just verdict.

## BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a "preponderance of the evidence."  You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard applicable in criminal cases.  It does not apply in civil cases such as this and you should not use it.  In this case, if the Plaintiff should fail to establish any essential element of his claim by a "preponderance of the evidence," you should find for the Defendant on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and any stipulations agreed to by the parties which I have read to you here in court.

**MULTIPLE PARTIES**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one Defendant is liable, that all Defendants are liable. Each Defendant is entitled to a fair consideration of the evidence relative to the claim against them. No Defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each Defendant, individually.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is direct proof of a fact, such as testimony of a person who asserts or claims to have actual knowledge of a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeals to your minds as being most accurate and otherwise trustworthy.

Next, I will explain the elements of the claims that the Plaintiff makes against the Defendants.

## COUNT 1 AGAINST DEFENDANT BORDERS
## FOURTH AMENDMENT EXCESSIVE FORCE UNDER 42 USC § 1983

I am now going to instruction you as to the law regarding Plaintiff's excessive force claim against Defendant, Kenneth Borders. Title 42, United States Code, Section 1983 makes it unlawful for any person acting under the color of state law to deprive another person of the rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States. The parties have stipulated that Defendant Kenneth Borders was acting under color of state law at the time of the events which are the subject of Plaintiff's claims.

Plaintiff, Timothy Ward, claims that defendant, Kenneth Borders, deprived him of his constitutional rights when he used excessive force against him in attempting a seizure of his person. The "seizure" of a person occurs when an officer has, by means of physical force or show of authority in some way restrained the person's liberty.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to effectuate a lawful seizure, whether it is in the course of an investigatory stop, a search, or an arrest. However, every person has a constitutional right not to be subjected to unreasonable or excessive force at the hands of law enforcement, even if the seizure is otherwise made in accordance with the law.

In order to establish his claim under 42 U.S.C. § 1983, Timothy Ward must prove each of the following is more likely true than not:

> First: Kenneth Borders deprived Timothy Ward of his Constitutional rights by using unreasonable force against him during the course of seizing him;
>
> Second: Borders was acting "under the color of state law" when engaged in the use of unreasonable force; and,
>
> Third: The use of this unreasonable force caused the claimed damages.

11

In considering whether Kenneth Borders used unreasonable force, he is considered to use excessive force if he uses force that an objectively reasonable officer would consider excessive in light of the facts and circumstances confronting him.  It must be judged from the perspective of a reasonable officer at the scene and not with the benefit of hindsight.

When considering whether this use of force is objectively reasonable you should consider the totality of the circumstances known to Borders including, but not limited to, the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

When considering whether this arrest is objectively reasonable you should consider that even if probable cause for the arrest existed, an arrest is not justified if Kenneth Border's true motivation was to punish a slight to his dignity. Kenneth Borders allegedly committed three uses of excessive force against Timothy Ward.  Each alleged use of force should be analyzed independently; if you believe any of the uses of force was inappropriate under the law you should find for the plaintiff even if you think the other uses of force were justified.

**Please indicate your verdict using Verdict Form No. 1**

**COUNT 1 AGAINST DEFENDANT BROWN**
**FOURTH AMENDMENT EXCESSIVE FORCE UNDER 42 USC § 1983**
**FAILURE TO INTERVENE**

Now I will instruct you about the law on Plaintiff's failure to intervene claim against Defendant, Scott Brown. Ward contends that Borders violated Ward's constitutional rights when he used excessive force against him in attempting a seizure of his person, and that Brown should be liable for that violation because Brown failed to intervene to stop the violation.

To succeed on his failure to intervene claim against Brown, Ward must prove each of the following things by a preponderance of the evidence:

1. Borders violated Ward's constitutional rights when he used excessive force against him in attempting a seizure of his person;

2. Brown observed or had reason to know that Borders was using/was about to use excessive force on Ward;

3. Brown had a realistic opportunity to do something to prevent harm from occurring;

4. Brown had the means to prevent the harm;

5. Brown failed to take reasonable steps to prevent harm from occurring; and

6. Brown's failure to act caused Ward to suffer harm.

**Please indicate your verdict using Verdict Form No. 2**

## COUNT 2 AGAINST DEFENDANT BORDERS
## STATE LAW ASSAULT AND BATTERY

I will also instruct you about the law on Plaintiff's assault and battery claim against Defendant

Borders.

You will find for Plaintiff Ward only if you are satisfied from the evidence that Defendant

Borders used more force than was necessary, or so appeared to him in the exercise of a reasonable

judgment, in order to arrest Plaintiff Ward and retain him in custody; otherwise you will find for

Defendant Borders.

**Please indicate your verdict using Verdict Form No. 3**

**If you answered YES to any question on Verdict Forms 1, 2, or 3 then you should**

**consider damages.**

**If you answered NO to ALL the questions in 1, 2, and 3, then you will not consider**

**the question of damages.**

## COMPENSATORY DAMAGES

If you found in favor of Plaintiff Ward on any of the claims against Kenneth Borders or Scott Brown, you will award him the reasonable damages he sustained as a direct result of the Defendant's conduct. Compensatory damages seek to make the Plaintiff whole—that is, to compensate him for the damage suffered. Further, compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff also is entitled to compensatory damages for embarrassment and humiliation, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of a defendant's conduct. Plaintiff must prove his damages by a preponderance of the evidence.

**Please indicate your verdict using Verdict Form Nos. 4 and 5**

## NOMINAL DAMAGES

If you found for Plaintiff Ward on any claim, but that he did not prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation even if he suffered no actual injury. Nominal damages ($1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed), rather than nominal damages.

**Please indicate your verdict using Verdict Form No. 4a and 5a**

## PUNITIVE DAMAGES

If you find for Plaintiff and award him a sum or sums in damages, and if you are further satisfied from the evidence that Defendant Borders or Defendant Brown, in his conduct toward Plaintiff, acted in reckless disregard for the lives, safety, or property of others, including Plaintiff, you may in your discretion award punitive damages against Defendant Borders or Defendant Brown in addition to the compensatory or nominal damages.

Your discretion to determine and award an amount, if any, of punitive damages is limited to the following factors:

- The harm to Plaintiff as measured by the damages you have awarded caused by a Defendant's conduct toward Plaintiff;

- The degree, if any, to which you have found from the evidence that the Defendant's conduct was reprehensible, considering:

    o The harm caused was physical as opposed to economic;

    o The degree to which the defendant's conduct evidenced an indifference to or a reckless disregard of the health or safety of others;

    o The degree to which the defendant's conduct involved repeated actions as opposed to an isolated incident.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of sympathy, or bias, or prejudice with respect to any party to the case.

If you award punitive damages, you will state the amount separately from any sum or sums awarded under Verdict Form 4 or 5.

**Please indicate your verdict using Verdict Form Nos. 6 and 6a and 7 and 7a.**

17

## JURY DELIBERATIONS AND ELECTION OF FOREPERSON

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so.

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.

You will take these verdict forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form that sets forth the verdict upon which you unanimously agree.  You will then notify the Courtroom Security Officer ("CSO") and return with your verdict to the courtroom

**UNANIMOUS VERDICT**

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

## NOTES

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## COMMUNICATION WITH THE COURT

Do not talk to the CSO, or to me, or to anyone else, except each other, about this case.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the CSO signed by your foreperson or by one or more members of the jury.  You may only communicate with me by a signed writing or here in open Court.  If you write me a message, the CSO will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you reach a unanimous verdict or have been discharged.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions.  You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors. Remember at all times that you are not partisans. You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  Therefore, it is important that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Plaintiff has proven his case by a preponderance of the evidence.

**Please fill out the Verdict Forms and return to the courtroom.**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD                                               Plaintiff

v.                                          CIVIL ACTION NO. 3:16-CV-393-RGJ-RSE

KENNETH BORDERS, et al.,                                          Defendants


**VERDICT FORM 1**

COUNT 1 AGAINST DEFENDANT BORDERS

FOURTH AMENDMENT EXCESSIVE FORCE UNDER 42 USC § 1983


We, the jury, are satisfied from the evidence that Kenneth Borders used excessive

force when carrying out the arrest of Timothy Ward.

**_____ YES           _____ NO**


_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER


DATE  _____


**If you answered YES to Verdict Form 1, please proceed to Verdict Form 2.**

**If you answered NO to Verdict Form 1, please proceed to Verdict Form 3.**


1

**VERDICT FORM 2**

COUNT 1 AGAINST DEFENDANT BROWN

FOURTH AMENDMENT EXCESSIVE FORCE UNDER 42 USC § 1983 FAILURE TO
INTERVENE

We, the jury, are satisfied from the evidence that Scott Brown failed to intervene to

stop the constitutional violations caused by Kenneth Borders.

**_____ YES          _____ NO**

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE  _____

**After answering Verdict Form 2, proceed to Verdict Form 3.**

2

**VERDICT FORM 3**

**COUNT 2 AGAINST DEFENDANT BORDERS
STATE LAW ASSAULT AND BATTERY**

We, the jury, are satisfied from the evidence that Kenneth Borders used more force than was necessary, or so appeared to him in the exercise of a reasonable judgment, in order to arrest Plaintiff Ward and retain him in custody.

**_____ YES          _____ NO**

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE  _____

**If you answered YES on Verdict Forms 1, or 3, answer Verdict Form 4, and Verdict Form 4a, if applicable.**

**If you answered YES on Verdict Form 2, answer Verdict Form 5, and Verdict Form 5a, if applicable.**

**If you answered NO to ALL the Verdict Forms 1, 2, and 3, then notify the Court Security Officer that your deliberations are at an end.**

**VERDICT FORM 4**

Compensatory Damages against Kenneth Borders


If you found for Ward on any of the claims against Defendant Borders, did Ward suffer

any actual damages as a result of Defendant Borders' actions?


YES_____ NO_____


If yes, please state the amount of actual damages caused by the Defendant's actions.


Defendant Kenneth Borders                    $_____
(not to exceed $100,000.00)



_____
FOREPERSON'S SIGNATURE


_____
FOREPERSON'S JUROR NUMBER


DATE   _____


**If you answered YES on Verdict Form 4, please proceed to Verdict Form 5.**

**If you found for Ward on any of the claims against Defendant Borders, but answered NO above, answer Verdict Form 4a.**

**VERDICT FORM 4a**

Nominal Damages against Kenneth Borders

If you found for Ward on any of the claims against Defendant Borders, but found that Ward did not prove any actual damages as a result of the Defendant's actions, award nominal damages in the amount of one dollar ($1.00) below:

Defendant Kenneth Borders          $_____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE    _____

**If you awarded compensatory damages under Verdict Form 4 or nominal damages Verdict Form 4a, answer Verdict Form 6 and Verdict Form 6a, if applicable.**

**VERDICT FORM 5**

Compensatory Damages against Scott Brown

If you found for Ward on the claim against Defendant Brown, did Ward suffer any actual

damages as a result of Defendant Brown's actions?

YES_____ NO_____

If yes, please state the amount of actual damages caused by the Defendant's actions.

Defendant Scott Brown                    $_____
(not to exceed $100,000.00)

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE   _____

**If you answered YES on Verdict Form 5, please proceed to Verdict Form 6.**

**If you found for Ward on his claim against Brown, but answered "No" above, answer Verdict Form 5a.**

6

**VERDICT FORM 5a**

Nominal Damages against Scott Brown

If you found for Ward on the claim against Defendant Brown, but found that Ward did not

prove any actual damages as a result of the Defendant's actions, award nominal damages in the

amount of one dollar ($1.00) below:

Defendant Scott Brown                    $_____


_____

FOREPERSON'S SIGNATURE


_____

FOREPERSON'S JUROR NUMBER


DATE   _____


**If you awarded compensatory damages under Verdict Form 5 or nominal damages under
Verdict Form 5a, answer Verdict Form 7 and Verdict Form 7a, if applicable.**

**VERDICT FORM 6**

Punitive Damages against Kenneth Borders

We, the jury, are satisfied from the evidence that Kenneth Borders, acted in

reclass disregard for the lives, safety or property of others, including Timothy Ward.

_____ **YES**             _____ **NO**

_____

FOREPERSON'S SIGNATURE

_____

FOREPERSON'S JUROR NUMBER

DATE  _____

**If you answered YES on Verdict Form 6, answer Verdict Form 6a.**

**If you answered NO on Verdict Form 6, answer Verdict Form 7, if applicable.**

**If Verdict Form 7 is inapplicable, please notify the Court Security Officer that your deliberations are at an end.**

8

**VERDICT FORM 6a**
Punitive Damages against Kenneth Borders

If you found Kenneth Borders liable for Count I - Excessive Force, Count II – Assault and Battery,

or both, and awarded damages above, indicate below any punitive damages you believe should be

awarded to Ward for the conduct of Kenneth Borders:

$_____ (not to exceed $100,000.00)

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE  _____

**Answer Verdict Form 7, if applicable.  If Verdict Form 7 is inapplicable, please notify the
Court Security Officer that your deliberations are at an end.**

9

**VERDICT FORM 7**

Punitive Damages against Scott Brown

We, the jury, are satisfied from the evidence that Scott Brown, acted in reckless

disregard for the lives, safety or property of others, including Timothy Ward.

**_____ YES            _____ NO**

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE  _____

**If you answered YES to Verdict Form 7, please proceed to Verdict Form 7a.**

**If you answered NO to Verdict Form 7, please notify the Court Security Officer that your deliberations are at an end.**

10

**VERDICT FORM 7a**
Punitive Damages against Scott Brown

If you found Scott Brown liable for Count I - Excessive Force, Count II – Assault and Battery, and awarded damages above, indicate below any punitive damages you believe should be awarded Plaintiff for the conduct of Scott Brown:

$_____ (not to exceed $100,000.00)

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____

**Please notify the Court Security Officer that your deliberations are at an end.**