UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD                                              Plaintiff

v.                                                CIVIL ACTION NO. 3:16-CV-393-RGJ-RSE

KENNETH BORDERS, et al.,                                         Defendants

### MEMORANDUM OPINION & ORDER

Plaintiff Timothy Augustus Ward ("Ward") moves for an amended judgment or new trial on damages. [DE 223]. Ward also moves for attorney fees. [DE 225]. Responses and replies were filed. [DE 227; DE 228; DE 230; DE 231]. Ward submitted a bill of costs, [DE 224], to which Defendants Kenneth Borders ("Borders") and Sergeant Scott Brown ("Brown") ("Defendants") objected. [DE 226]. Ward replied. [DE 229]. These matters are ripe. For the reasons below, Ward's Motion for Amended Judgment or New Trial [DE 223] is **DENIED**, Ward's Motion for Attorney's Fees [DE 225] is **GRANTED**, Ward's Bill of Costs [DE 224] is **GRANTED,** and Defendants' Objection to Bill of Costs [DE 226] is **DENIED.**

### I.     BACKGROUND

The Court incorporates the procedural and factual background set forth in its order on Defendant's motion for summary judgment [DE 198].

This action came before the Court for a trial by jury on September 25, 2023 and concluded on September 26, 2023. [DE 222 at 1974]. The jury found for Ward on his claim that Borders used excessive force against him, in violation of the Fourth Amendment to the United States Constitution, while arresting him, and that the use of force amounted to assault and battery under Kentucky law. The verdict returned by the jury did not conform to the Court's instructions, to the extent that the jury was required to award nominal damages for the constitutional violation but

1

wrote "$0" for damages. *Id*. All parties agreed that the Court should correct the amount and enter nominal damages of $1.00, in conformity with the instructions. *Id*. The jury found for Brown on the claim that he failed to intervene to prevent Borders from using excessive force against Ward. *Id*.

Ward now moves for an amended judgment or a new trial on damages only, arguing that since the jury found Borders liable, an award of only nominal damages was unreasonable. [DE 223 at 1978]. Ward also moves for attorney fees and costs, arguing that he is entitled to them as a prevailing party. [DE 225 at 1984; DE 229 at 2018]. Defendants respond that Ward provides no basis to upset the jury's award of nominal damages. [DE 227 at 2003]. Defendants argue that although Ward is "technically a prevailing party," he only received nominal damages, and therefore is not entitled to attorney fees or costs. [DE 228 at 2009]. Defendants also argue that Ward has mathematically and factually miscalculated his costs. [DE 226 at 1993-1994].

## II.  DISCUSSION

1. <u>Ward's Motion to Alter Judgment or New Trial</u>

Under Federal Rule of Civil Procedure 59(a), a trial court may grant a new trial on "all or some of the issues" following a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(B). The Sixth Circuit has interpreted Rule 59(a) to require a "seriously erroneous result," as evidenced by one of three things: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045–46 (6th Cir. 1996) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Cygnar v. City of Chicago*, 865 F.2d 827, 835 (7th Cir. 1989); and *Mallis v. Bankers Tr. Co*., 717 F.2d 683, 691 (2d Cir. 1983)).

When a new-trial motion challenges the weight of the evidence, the Court must "accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). A court must deny a motion for new trial if the verdict is one that a jury could reasonably reach, regardless of whether the court might have reached a different conclusion were it the trier of fact. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir.2001) (citing *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir.1994)). "[T]he grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing abuse of discretion." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). A district court does not abuse its discretion where "the verdict is supported by some competent, credible evidence." *Walker,* 257 F.3d 660 at 674. "The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Id*. "[I]f the verdict is supported by some competent, credible evidence, a trial court will be deemed not to have abused its discretion in denying the motion." *Id*. The Court cannot set aside the jury's verdict merely because it thinks another result is more right. *See Innovation Ventures, LLC v. N2G Distrib., Inc*., 763 F.3d 524, 534 (6th Cir. 2014).

In an unpublished decision, the Sixth Circuit recently decided a factually similar case, in *Cretacci v. Hare*, No. 21-5786, 2022 WL 17176781 (6th Cir. Nov. 23, 2022). In *Cretacci*, the plaintiff moved for a new trial based on the jury's award of only nominal damages against a defendant prison guard. Cretacci argued that because "(1) he testified that he felt pain while he was tased, (2) [defendant] conceded that tasers are painful, and (3) there was no evidence presented that tasers are not always painful, the jury was required to award some amount of damages to

3

compensate him for the pain he experienced." *Id.* at *2–3. Cretacci testified to physical pain from being tased; the defendants presented testimony disputing the severity of Cretacci's pain. *Id*. at *3. Among other testimony, the jury heard that Cretacci "was not treated for injuries following the incident." *Id*. As a result of such competing evidence, the court held that the jury was entitled to find that Cretacci's showing did not constitute sufficient proof that he suffered compensable harm. *Id*. (citing *Walker,* 257 F.3d 660 at 674) ("[the plaintiff] had the burden of proving damages, and the only evidence of damages was [his] self-serving testimony about his mental distress . . . [t]he jury was free to accept or disregard [his] statement, and it chose to disregard it.").

The facts here are similar. The parties agree that the jury heard testimony that Ward was tased twice, pepper sprayed, and that he experienced pain. [DE 223 at 1977-78; DE 227 at 1998-99]. Ward does not dispute that the jury also heard that Ward was "examined by EMT's[sic] who found no significant injury and cleared the Plaintiff to go straight to jail, rather than to the hospital." [DE 227 at 2002]. Ward also does not dispute that he presented no evidence of medical treatment resulting from the arrest. [*Id*.]. Ward insists that because he was tased, the tasing caused pain, and the jury found Borders liable for that tasing, an award of nominal damages is unreasonable. [DE 223 at 1978]. But this argument misunderstands the role of nominal damages. Nominal damages are "the damages awarded by default until the plaintiff establishes entitlement to some other form of damages." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021). Thus, nominal damages are awarded when "a claimant establishes a cause of action but fails to prove they are entitled to compensatory damages." *Roberts v. Carroll*, No. 4:18-CV-04-SKL, 2021 WL 5139505, at *1 n.1 (E.D. Tenn. Nov. 3, 2021). That is what the jury found in this case—that Borders used excessive force, but Ward was not entitled to compensatory damages. Although Ward essentially asks the Court to reweigh the evidence, the Court must "accept the jury's verdict 'if it is one which

4

reasonably could have been reached.'" *Denhof*, 494 F.3d at 543. As in *Cretacci*, the jury was presented with competing evidence and was reasonably "entitled to find that [Ward's] showing did not constitute sufficient proof that he suffered compensable harm." *Cretacci v. Hare*, No. 21-5786, 2022 WL 17176781, at *3 As a result, Ward's Motion to Amend Judgment or New Trial is **DENIED**.

    2. Ward's Motion for Attorney Fees

Ward moves for attorney fees as the prevailing party on the § 1983 claim against Borders. Ward argues that because "[p]laintiff's case was important, his attorney obtained an incredibly difficult result, his attorney focused on the issues that mattered [,] and was efficient with the court's time and resources," his current attorney is entitled to fees. [DE 231 at 2024]. Defendants contend that in *Farrar v. Hobby*, the Supreme Court established that a plaintiff who asks for compensatory damages but recovers only nominal damages is not entitled to attorney fees under § 1988. 506 U.S. 103 (1992); [DE 228 at 2010].

    a. Prevailing Party Status

Title 42 U.S.C. § 1988(b) provides that in actions to enforce § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." "[A] plaintiff who wins nominal damages is a prevailing party under § 1988. *Farrar*, 506 U.S. at 112. "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id*. at 113. Even so, the Supreme Court has noted that while "a plaintiff who wins nominal damages is a prevailing party under § 1988," the "technical" nature of an award of damages bears on the reasonableness of fees awarded under § 1988. *Id*. In some circumstances, "even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Id*. at 114. Although the plaintiffs had been the prevailing party in the litigation, the district court in

*Farrar* had abused its discretion by awarding "attorney's fees without 'consider[ing] the relationship between the extent of success and the amount of the fee award.'" *Id.* at 115–16 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983)).

Yet, while the Court held in *Farrar* that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . .the only reasonable fee is *usually* no fee at all," 506 U.S. at 115, it did not decide that "recovery of nominal damages *never* can support the award of attorney's fees." *Id.* at 124 (White, J., concurring) (emphasis added). As the Supreme Court has explained, civil-rights plaintiffs "seek [] to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside v. Rivera*, 477 U.S. 561, 574–80(1986). As a result, "Congress enacted § 1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible to do so." *Id.* at 577. Moreover, the Sixth Circuit has observed that a rule eliminating attorneys' fees in civil-rights cases "due to the size of the damages awarded 'would seriously undermine Congress' purpose in enacting § 1988,'" and the court expressly "refuse[d] to countenance a decision that does so." *Hescott v. City of Saginaw*, 757 F.3d 518, 525 (6th Cir. 2014) (quoting *City of Riverside*, 477 U.S.at 576). Placing too great an emphasis on the amount of damages awarded would "detrimentally encourage attorneys to concentrate on increasing the damage award, perhaps with harm to the merits of the case; moreover, transfixion on the damage amount in establishing fees would penalize those litigants whose cases carry slight pecuniary damages, but which present instances of significant statutory violations." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co. 732* F.2d 495, 503 (6th Cir.1984). Indeed, in many instances, the Sixth Circuit upholds fee awards in nominal damages cases governed by § 1988. *See, e.g.*, *Johnson v. Snyder*,

639 F.2d 316, 317 (6th Cir.1981); *Kidis v. Reid,* 976 F.3d 708, 721 (6th Cir. 2020) ("[w]hile relevant, the nominal nature of [a plaintiff's] recovery speaks only to the amount of attorney's fees permissible, not whether the party is eligible to recover attorney's fees.").

As outlined above, neither *Farrar* nor Sixth Circuit precedent bar Ward from recovering attorney fees simply because he was only awarded nominal damages. Ward is a prevailing party as to his claim against Borders and is allowed to recover a reasonable attorney's fee.

    b. *Reasonableness of Attorney Fees*

In determining a reasonable fee, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). In determining a reasonable rate, "[a] district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011) (citing *B & G Min., Inc. v. Dir., Off. of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). To prove that the requested fees are reasonable, the requesting party must also provide "evidence supporting the hours worked and rates claimed." *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433). In considering whether the time expended is reasonable, the Court should "exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley*, 461 U.S. at 434). A reduction in attorney fees for a prevailing plaintiff "is to be applied only in

rare and exceptional cases where specific evidence in the record requires it." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir.2005).

The Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 554 (6th Cir. 2008). Moreover, "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty*., 421 F.3d 417, 423 (6th Cir. 2005). A district court's determination of the amount of a § 1988 award is afforded "substantial deference" out of respect for the "district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 634 (6th Cir. 2009).

Ward's current counsel submitted an affidavit with his billing records and separately attached previous counsel's billing records. [DE 225-2 at 1986-88; DE 225-3 at 1989-92]. Ward's proposed lodestar of consists of his current counsel's calculation of fees ($19,590.00—65.3 hours billed at $300/hr.) and his previous counsel's calculation of fees ($14,565.50— 52.11 hours billed at $300/hr. for attorney work and $125/hr. for paralegal work) for a total of $34,155.50. [DE 225 at 1984]. While the affidavit does not offer other rates or case comparators, Defendants do not argue the hourly rates or the hours expended are unreasonable. [*See* DE 228 at 2006-17]. And for comparison, the Court consulted a Price Waterhouse Cooper Report ("PxC Report") used to determine reasonable attorneys' fees in a recent case. *See Honorable Order of Ky Colonels, Inc. v. Ky Colonels Int'l*, No. 3:20-CV-132-RGJ, 2023 WL 7545041 (W.D. Ky. Nov. 13, 2023). Because this Court issued that order less than a year ago, it finds the PwC Report still reliable to

determine local market rates. In short, the Court has such information at hand to satisfy it that the hourly rates billed are reasonable and commensurate with the rates charged by firms of comparable talent and experience in this district for work in this area of practice. *Geier*, 372 F.3d at 79 ("To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."); *Kritcher v. Prudential Sec., Inc.*, 799 F. App'x 376, 378-79 (6th Cir. 2020) ("A reasonable fee is 'one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'") (quoting *Geier*, 372 F.3d at 791).

Defendants argue that even if the Court awards fees, it "should reduce the claimed amount by 90% or more," because "the fees claimed are primarily for litigating issues and against parties where the Plaintiff was unsuccessful." [DE 228 at 2015]. Yet all of Ward's claims were "based on a common core of facts" arising out of Ward's arrest, including Ward's successful § 1983 excessive force claim against Borders. *Hescott*, 757 F.3d at 526. And while many of Ward's original claims were unsuccessful, district courts should "not reduce attorney fees based on a simple ratio of successful claims to claims raised." *Id*. (quoting *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996)).

Defendants also argue that the award of only nominal damages indicates a lack of success, making reasonable attorney fees in this case "no fee at all." [DE 228 at 2011]. Defendants compare the facts in this case to those in *Farrar*, pointing out that Ward originally asked for seven million dollars in his first Complaint, although he eventually alleged unspecified compensatory and punitive damages in his Third Amended Complaint. [See DE 1; DE 151]. Yet unlike the circumstances in *Farrar*, courts have found a degree of success in excessive force cases where plaintiffs received only nominal damages. *See, e.g., Guy v. City of San Diego*, 608 F.3d 582 (9th

9

Cir. 2010) (holding that the trial court erred in denying fee award to plaintiff who obtained only nominal damages against police officer; jury verdict that some of the officer's force was excessive offered clear and important guidance to the police department with respect to the level of force to be used by its officers after they have subdued a suspect); *Mahach-Watkins v. Depee*, 593 F.3d 1054 (9th Cir. 2010) (upholding fee award to mother of man killed by police officer who obtained only nominal damages award; jury's finding that officer used unconstitutionally excessive force gave plaintiff a victory on an important legal issue and also served the important public goal of deterrence); *see also Jones v. Lockhart*, 29 F.3d 422, 424 (8th Cir. 1994) (finding that vindication of the constitutional right to be free from cruel and unusual punishment served an important public purpose, "in contrast to the injury to a business interest alleged in *Farrar*"). The Court could not find a public purpose for the verdict in *Farrar*, with Justice O'Connor noting that "the conduct to be deterred [is not] apparent from the verdict," referring to it as "regrettably obtuse" and emphasizing that the verdict could not deter misconduct "because it carries no discernable meaning." *Farrar,* 506 U.S. at 122 (O'Connor, J., concurring).

In contrast, the jury's verdict here was far from "obtuse" or carrying "no discernable meaning." The jury heard evidence of Border's pepper spraying and tasing and found that he used excessive force in arresting Ward. [DE 218 at 1947]. Defendants frame the tasing and pepper spraying of Ward as "the same minor, temporary pain that people feel every single day, when resisting arrest. As is usually the case, [Ward] had the OC spray rinsed out of his eyes and he was taken to jail, none the worse for wear." [DE 227 at 1999]. Yet this characterization simply underscores the type of misconduct in this case that should be deterred by the jury's verdict that it was excessive. "It is logical to expect, in the face of this jury verdict, that the police department would take a closer look at the level of force used by its police officers after they have subdued a

10

suspect." *Guy*, 608 F.3d at 590. This expectation is particularly reasonable where, unlike the jury in this case—and like the San Diego Police Department in *Guy*—the Kentucky State Police did not find that Borders used excessive force. Such a result, under the circumstances of the case, serves an important public purpose and "would justify some amount of costs and attorney fees." *Id*. So too here. The extent of Ward's constitutional injuries does not diminish the verdict's deterring effect on future misconduct. This Court presided over the case, reviewed the docket, was present for the trial, evaluated the witnesses, and is in the best position to determine that Ward's case serves an important public purpose, his counsel handled the litigation efficiently and the award does not produce any "windfall" to counsel. The fee award sought by Ward is reasonable— one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Kritcher,* 799 F. App'x at 378-7. As a result, the Court **GRANTS** Ward's Motion for Attorney's Fees [DE 225] and awards fees for $34,155.50.

Ward also seeks an award of costs of $602.10 for the deposition transcripts of Defendants.[1] [DE 224]. "Although costs are generally awarded to a prevailing party as a matter of course, the district court maintains discretion in choosing to tax the costs of litigation against a losing party under Rule 54(d) of the Federal Rules of Civil Procedure*." Virostek v. Liberty Twp. Police Dep't/Trustees*, 14 F. App'x 493, 510 (6th Cir. 2001). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Ashland Hosp. Corp. v. RLI Ins.,* No. CV 13-143-DLB-EBA, 2015 WL 5063184, at *2 (E.D. Ky. Aug. 26, 2015) (quoting *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989)). "Necessity is

---

[1] While Ward originally submitted a bill of costs for $1,402.10, Ward's counsel acknowledges that he miscalculated and that the costs set out add up to $1,002.10. [DE 229 at 2018]. Defendants also point out that while the $400.00 filing fee is included in the costs, Ward did not pay the fee because Judge Stivers vacated the order to pay a filing fee and permitted Ward to proceed *in forma pauperis*. [DE 226 at 1993; *see* DE 8]. As a result, Ward's bill of costs adds up to $602.10.

determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id*. at 119. The depositions of Defendants were "certainly reasonable and necessary at the time it was taken in anticipation of trial." *Ashland*, 2015 WL 5063184, at *2. Moreover, Defendants do not argue that any of the deposition transcripts were not necessarily obtained. Accordingly, the Court concludes that Ward is entitled to recover $602.10 in costs.

### III.  CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Ward's Motion to Alter Judgment or New Trial [DE 223] is **DENIED**.

(2) Ward's Motion for Attorney's Fees [DE 225] is **GRANTED**. Ward's Bill of Costs [DE 224] is **GRANTED**. As a result, Defendant' 'Objection to Bill of Costs [DE 226] is **DENIED**.

(3) Defendants are ordered to pay Ward his attorneys' fees in the amount of $34,155.50 and costs in the amount of $602.10.  Defendants shall pay those attorneys' fees and costs **within 30 days of the entry of this order.**

*Rebecca Grady Jennings, District Judge*
United States District Court

September 19, 2024